IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATHAN E. JACOBS,

        Plaintiff,

v.                        //    CIVIL ACTION NO. 1:16CV3
                                      (Judge Keeley)

CHRISTOPHER CRAFT, Chaplin,

        Defendant.


ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9]
AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]

On January 7, 2016, the pro se plaintiff, Nathan E. Jacobs
("Jacobs"), filed a federal civil rights complaint pursuant to
Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,
403 U.S. 388 (1971) (Dkt. No. 1). Jacobs claims that defendant
Christopher Craft ("Craft"), the Chaplain at Federal Correctional
Institution Gilmer ("FCI Gilmer"), violated his civil rights by e-
mailing "an inaccurate erroneous information governmental document"
to the central chaplaincy office, and by precluding him from
participating in the Life Connection Program. Id. at 7.

On January 25, 2016, the Honorable Michael J. Aloi, United
States Magistrate Judge, issued a report and recommendation ("R&R")
recommending that the Court dismiss Jacobs' complaint without
prejudice because he had filed three "strike" lawsuits under the
Prison Litigation and Reform Act ("PLRA"), 28 U.S.C. § 1915(g)
(Dkt. No. 9). On February 5, 2016, Jacobs objected to the R&R

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9]**
**AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

(Dkt. No. 11).  For the reasons that follow, the Court **ADOPTS** the R&R and **DISMISSES** the complaint **WITHOUT PREJUDICE**.

## BACKGROUND

On September 6, 2015, Jacobs, who was an inmate at FCI Gilmer, submitted a request for administrative remedy seeking to attend the Life Connection Religious and Drug Program (Dkt. No. 1-2 at 1).[1] Jacobs also complained that Craft had inaccurately reported information about him in an e-mail to a fellow chaplain, "Chaplain Lee." Id. Jacobs' unit manager denied his administrative remedy, noting that participants must be within 24 to 36 months of their projected release date to participate in the Life Connection Program. Id. Jacobs has a projected release date of October 3, 2020.

On September 9, 2015, Jacobs submitted a second request for administrative remedy form alleging that Craft and Chaplain Lee "conspired" to deny him access to federal programs (Dkt. No. 1-1 at 6).  According to Jacobs, on August 23, 2015, Craft told him that his religious affiliation, Baptist Son of Man, was not "an

---

[1] The Bureau of Prisons' website indicates that Jacobs has been transferred to MDC Brooklyn.  See Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Mar. 7, 2016).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9]**
**AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

acceptable belief or religion" for purposes of the Life Connection Program. Id. The Administrative Remedy Coordinator denied Jacobs' request as untimely. Id. at 5.

Jacobs filed a Regional Administrative Remedy Appeal on September 27, 2015, contending that the Bureau of Prisons ("BOP") should eradicate false records concerning his request to attend the Life Connection Program. Id. at 4. The BOP rejected Jacobs' regional appeal because it was untimely, and he did not provide a copy of his Administrative Remedy Request form. Id. at 3. On October 11, 2015, Jacobs filed a Central Office Administrative Remedy Appeal, threatening to file a civil lawsuit "and criminal penalty charges" against Craft. Id. at 2. The BOP rejected Jacobs' final appeal, concurring with the rationale of the Regional Office and directing Jacob to get a staff memo explaining his untimely institution appeal. Id. at 1.

On January 7, 2016, Jacobs filed suit in this Court, contending that Craft "e-mail [sic] & filed an accurate erroneous information governmental document to central office chaplaincy agency chaplin [sic] Lee system of records with prejudices, in violation of plaintiff's rights, benefits, or privileges under which can be capably verified" (Dkt. No. 1 at 7). According to

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9]
## AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]

Jacobs, Craft falsely impeded his application for the Life Connections Program. Id.

On January 25, 2016, Magistrate Judge Aloi issued his R&R, recommending that the Court dismiss Jacobs' complaint without prejudice because he had filed at least three previous strike suits under the PLRA (Dkt. No. 9 at 1). Jacobs failed both to prepay the filing fee, and to demonstrate that he is in imminent danger of serious physical injury. Id. at 2. Jacobs objected to the R&R on February 5, 2016, arguing that it contains "flagrantly erroneous information," and contending that he has never filed a frivolous or malicious lawsuit (Dkt. No. 11 at 1-2). This case is now fully briefed and ripe for disposition.

## STANDARD OF REVIEW

On review of a magistrate judge's R&R pursuant to 28 U.S.C. § 636, a court reviews de novo only those portions of the R&R to which timely objection has been made. 28 U.S.C. § 636(b)(1)(C). Courts will uphold those portions of a recommendation as to which no objection has been made, unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Because Jacobs filed objections to the R&R, the Court will review the R&R de novo.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9]
AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

## ANALYSIS

Jacobs contends that he has never filed a frivolous or malicious claim, and therefore should not be barred from filing suit without prepayment of fees under the PLRA (Dkt. No. 11 at 2). The PLRA provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Jacobs does not contest the conclusion in the R&R that he is not under imminent danger of serious physical injury (Dkt. No. 11). Rather, he argues that he has never filed a frivolous or malicious lawsuit.

In Jacobs v. U.S.A. Supreme Court Clerk, No. 10 1332, 2010 WL 3123169, at *1 (D.D.C. Aug. 9, 2010), the first case cited by the R&R, the district court dismissed Jacobs' complaint pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. In that case, Jacobs had requested $16 billion in damages for "dire psychological anguish" after the Clerk of the Supreme Court of the United States failed to docket his petition

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9]**
**AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

for writ of certiorari for full argument.  <u>Id.</u>  The Court agrees

that this suit qualifies as a strike under the PLRA.  28 U.S.C. §

1915(g).

In the second case mentioned by the R&R, <u>Jacobs v. Supreme</u>

<u>Court of the United States</u>, No. 10-5271, 2011 WL 2199975, at *1

(D.C. Cir. Aug. 8, 2011) (per curiam), the United States Court of

Appeals for the District of Columbia Circuit denied Jacobs' appeal

of the district court's order.  The circuit court noted that the

merits of Jacobs' appeal were before the court, but took summary

action because "the appropriate disposition is so clear." <u>Id.</u>  The

circuit court found that the district court "properly held that it

lacked jurisdiction to review decisions of the United States

Supreme Court . . . and that, to the extent [Jacobs] seeks damages

against judges or court officers, his claims are barred by absolute

immunity." <u>Id.</u>  This appeal constitutes a second strike under the

PLRA because it is an "appeal in a court of the United States" that

was dismissed on grounds that it was frivolous or failed to state

a claim.  28 U.S.C. § 1915(g).

Finally, in <u>Jacobs v. Holder</u>, No. 4:10CV1544, 2010 WL 4449357,

at *1-2 (N.D. Ohio Nov. 1, 2010), the district court dismissed

Jacobs' lawsuit under 42 U.S.C. § 1983 for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. §

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9] AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]

1915(e)(2).  The district court considered Jacobs' Eighth Amendment allegations before concluding that he had failed to state a claim. Id.  This case is clearly Jacobs' third strike under the PLRA because it was dismissed for failure to state a claim.  28 U.S.C. § 1915(g).

The Court agrees that Jacobs has accumulated three strikes under the PLRA, thereby barring him from filing suit without prepayment of fees unless he is in imminent danger of serious physical injury.[2]  28 U.S.C. § 1915(g).  It is undisputed that Jacobs has not alleged any imminent danger of serious physical injury.  Jacobs also failed to pay the filing fee at the time he initiated the suit.

In conclusion, for the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 9), **OVERRULES** Jacobs' objections (Dkt. No. 11), **DENIES AS MOOT** the motion for leave to proceed in forma pauperis (Dkt. No. 2), and **DISMISSES WITHOUT PREJUDICE** Jacobs' complaint (Dkt. No. 1).

---

[2] Even if the Court were to consider the merits of Jacobs' complaint, it is clear that Craft did not violate Jacobs' constitutional rights by refusing to allow him to participate in the Life Connections Program.  Jacobs, who still has five years left on his sentence, cannot participate in the Life Connections program until his projected release date is within 24 to 36 months.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9]**
**AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the <u>pro</u> <u>se</u> plaintiff, return receipt requested, and to enter a separate judgment order.

DATED:  March 7, 2016.


                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE